**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**DANIEL GARCIA,**

    Plaintiff,

v.                                                           **Case No: 5:17-cv-111-Oc-PGBPRL**

**B&B TRUCKING SERVICES, INC.**

    Defendant.

_____

## REPORT AND RECOMMENDATION[1]

Upon referral, this Fair Labor Standards Act ("FLSA") matter is before the Court on the parties' Joint Motion for Approval of Settlement (Doc. 16). Thus, the Court must determine whether the settlement between Plaintiff Daniel Garcia and Defendant B&B Trucking Services, Inc. is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

    **I.**    **Legal Standards**

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

## II.     Discussion

As set forth in the Settlement Agreement, Defendant will pay a total sum of $17,000.00 to resolve this matter, to include the following:  (1) $9,175.00 to Plaintiff as full compensation for Plaintiff's FLSA wage and retaliation claims, including liquidated damages, and (2) $7,825.00 to Plaintiff's counsel for attorney's fees.  The parties were represented by experienced counsel and both the terms and conditions of the parties' settlement were the subject of arms-length negotiations between counsel.  The settlement amount was based on information learned through the exchange of Plaintiff's statement of claim, pay records, and time records.  The parties agree that the settlement represents a reasonable compromise of Plaintiff's claims.

With respect to the agreed-to sum for attorney's fee and costs, the parties represent that they were negotiated separately from Plaintiff's recovery.  *See Bonetti v. Embarq Mgmt.Co.*, Case

No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).  Under the circumstances, I submit that the amount of $7,825.00 for attorney's fees and costs appears to be reasonable.[2]

As for the remaining portions of the Settlement Agreement, the Release of Claims in Paragraph 5 purports to release any and all claims that Plaintiff could have.   Generally, such broad releases are "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1351-52 (M.D. Fla. 2010).  However, courts in this District have approved FLSA settlement agreements accompanied by separate general releases where there is consideration beyond what is due for the FLSA claims.[3]  For example, courts frequently approve broad releases accompanying FLSA settlements where the plaintiff is receiving full compensation of his or her FLSA claim, as well as additional consideration for a general release, confidentiality provision, and other clauses.   *See Weldon v. Blackwoods Steakhouse, Inc.,* No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (approving

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)(quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)).  As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought.  Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

[3] While courts have approved FLSA settlements which were accompanied by separate agreements for general releases, courts do not approve or express an opinion of the terms of those separate agreements. *See Brozman v. Jenniferjames Haircolorxperts*, LLC, 2016 U.S. Dist. LEXIS 23231, *1 n. 1 (M.D. Fla. Feb. 25, 2016) (Mendoza, J) (expressing no opinion on separate general releases of non-pending claims). *See also Middleton v. Sonic Brands L.L.C*., 2013 U.S. Dist. LEXIS 129042, at *11 (M.D. Fla. Aug. 22, 2013), report and recommendation adopted by, 2013 U.S. Dist. LEXIS 129039 (M.D. Fla., Sept. 10, 2013) (Antoon, J.) (when "substantial consideration" is paid to plaintiff beyond the amount arguably due under the FLSA, a general release "does not render the settlement unfair or unreasonable.").

settlement containing general release and non-disparagement agreement where the plaintiff received full compensation of FLSA claim and $100.00 in additional consideration for same); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement agreement where plaintiff received full compensation and additional consideration for general release, confidentiality, and non-disparagement agreement).

And courts in this District have also approved FLSA settlements with accompanying broad releases even where the plaintiff did not receive full compensation for his or her FLSA claim, as long as additional valuable compensation was paid to the plaintiff in exchange for the broad general release. *See Buntin v. Square Foot Management, Co. LLC*., 2015 WL 3407866, * 2-3, Case No. 6:14–cv–1394–Orl–37GJK (M.D. Fla. May 27, 2015) (Dalton, J.) (approving FLSA settlement where the settlement represented a compromise and consideration in the form of a neutral reference was promised by Defendant to Plaintiff in exchange for a broad general release).

Here, the parties recite that Plaintiff is receiving full compensation for his FLSA wage and retaliation claims, including liquidated damages. And, the parties represent that the settlement total of $9,175.00 includes an additional $1,000.00 for the retaliation claim and the broad general release. (Doc. 16 at 2 & n.1). In addition, Plaintiff represents that he is not aware of any other claims against Defendant. Under these circumstances—separate consideration and no known claims—I submit that the Settlement Agreement should be approved with the broad general release.

However, two other provisions in the agreement appear to be inappropriate—the "no reemployment" provision in Paragraph 2 and the confidentiality provision in Paragraph 6. In some cases, courts have approved settlement agreements including waivers of future employment because they were inconsequential. For example, where a plaintiff did not desire reemployment,

and the defendant's financial viability was precarious, the inclusion of a waiver of future employment was "inconsequential" and did not render the settlement unfair. *See Robertson v. Ther–Rx Corp.,* Case No. 2:09cv1010–MHT(WO), 2011 WL 1810193, at *2 (M.D.Ala. May 12, 2011). *See also Cruz v. Winter Garden Realty, LLC*, No. 6:12–cv–1098, 2013 WL 4774617, at *3 (M.D. Fla. Sept. 4, 2013) (finding the settlement agreement fair despite waiver of right to future employment, where settlement agreement stated plaintiff did not desire reemployment). In other cases, courts have viewed waiver of future employment provisions as punishment for exercising FLSA rights, and declined to approve them. *See Nichols v. Dollar Tree Stores*, Inc., 1:13–CV–88 (WLS), 2013 WL 5933991, at *6 (M.D. Ga. Nov. 1, 2013).

Here, neither the Settlement Agreement nor accompanying motion contain any information to assist the Court in evaluating the fairness of the provision, such as whether Plaintiff would desire future employment or regarding the financial viability of Defendants. Moreover, while comparable provisions have been approved in this District where it was shown additional consideration was paid in exchange for the waiver of future employment, it is not clear whether that is the situation here. *See e.g., Caamal v. Shelter Mortg. Co., L.L.C*., No. 6:13–cv–706–Orl–36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013) (approving a similar "no rehire" provision where the agreement specifically provided that additional, separate consideration had been paid for that part specific paragraph of the agreement and other releases). The Settlement Agreement and motion do not state that any additional monetary consideration or otherwise was given for the "no reemployment" provision. Accordingly, I submit that it is unenforceable.

Also unenforceable is the confidentiality clause that precludes Plaintiff from discussing the terms of the Settlement Agreement with anyone unless "compelled by lawful subpoena, administrative or court order." Courts within this circuit routinely reject such confidentiality

clauses contained in FLSA settlement agreements because they "thwart Congress's intent to ensure widespread compliance with the FLSA." *Pariente v. CLC Resorts and Devs., Inc.*, No. 6:14–cv–615–Orl–37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014) (internal quotations omitted and citing authorities). Additionally, such provisions have been rejected because they are inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality clauses. See *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12–cv–461–J–34TEM, 2013 WL 2455958, at *2 (M.D. Fla. Jun. 6, 2013) (confidentiality clauses are unenforceable when the settlement agreement is filed on the public docket and citing authority).

While such provisions have been approved when the plaintiff receives separate consideration, there is no such representation in this case. *See Smith v. Aramark Corp.*, Case No. 6:14–cv–409–Orl–22KRS, 2014 WL 5690488, at *3–4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement providing separate consideration for a confidentiality and non-disparagement clause); *Caamal v. Shelter Mortg. Co.*, Case No. 6:13–cv–706–Orl–36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement providing $500.00 as separate consideration for a general release, non-disparagement clause, and waiver of future employment with defendant).

Even though Plaintiff's "no reemployment" and confidentiality provisions are unenforceable (in the absence of any additional information), they do not preclude approval of the Settlement Agreement in this case. *See e.g., Niles v. Denny's Inc.,* No. 6:16-cv-999-Orl-40TBS. 2017 WL 1352232, at *2 (M.D. Fla. March 22, 2017) (recommending that settlement agreement be approved after modifying the broad general release to include only the named defendant); *Brown v. SeaDog Brewpub BV, LLC,* No. 6:16-cv-898-Orl-40GJK, 2016 WL 7743030, at *4 (M.D. Fla. Dec. 29, 2016) (recommending that settlement agreement be approved after striking general

release and confidentiality provision). Indeed, the Settlement Agreement here contains a severability provision in Paragraph 10(d), stating: "The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof." Thus, terms in the Settlement Agreement may be severed without affecting the enforceability of the rest of the Agreement. *See id.*

### III.   Recommendation

Accordingly, and upon due consideration, I **RECOMMEND** that:

1. The Court STRIKE the no reemployment provision in Paragraph 2 and the confidentiality provision in Paragraph 6, and

2. the Court **GRANT** the parties' joint motion for approval of the settlement agreement (Doc. 16) with the modifications set forth above, as it is a fair and reasonable compromise of Plaintiff's FLSA claim.

Recommended in Ocala, Florida on July 12, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy